IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RASAUN HARRIS, | § | |
| | § | No. 414, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1008016352 |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 22, 2016
Decided: October 24, 2016

Before **HOLLAND**, **VALIHURA** and **SEITZ**, Justices.

## O R D E R

This 24th day of October 2016, it appears to the Court that:

(1)     On August 15, 2016, the appellant, Rasaun Harris, filed this appeal from the Superior Court's order of April 30, 2015, summarily dismissing his motion for postconviction relief. On its face, the notice of appeal was untimely filed. Under Supreme Court Rule 6, the appeal was due to be filed on or before June 1, 2015.[1]

---

[1] Del. Supr. Ct. R. 6(a)(iv) (providing that an appeal in a proceeding for postconviction relief must be filed within thirty days after entry upon the docket of the order on appeal).

(2)   A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[3]

(3)   On August 15, 2016, the Clerk issued a notice directing that Harris show cause why this appeal should not be dismissed as untimely filed.  Harris filed a response to the notice on August 22, 2016.  Harris' response does not address the issue of the timeliness of the appeal.

(4)   Harris does not contend, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).